UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| A PARENT MEDIA CO. INC., <br><br> Plaintiff, <br><br> v. <br><br> GENIUS BRANDS INTERNATIONAL, INC., <br><br> Defendant. | CASE NO. 2:21-CV-04897 SVW (KSx) <br><br> **STIPULATED PRELIMINARY INJUNCTION ORDER** |

BEFORE THE COURT is Plaintiff A Parent Media Co. Inc. ("A Parent Media Co." or "Plaintiff") and Defendant Genius Brands International, Inc.'s ("GBI" or "Defendant") Stipulated Preliminary Injunction. Having considered the parties' submission, including the Verified Complaint, and being fully advised on this matter, the Court now enters this Stipulated Preliminary Injunction Order based on the following facts set forth below, which are agreed to by the parties.

Each signatory to this Stipulated Preliminary Injunction certifies that he or she is fully authorized, either individually or by the party or parties he or she represents, to stipulate to this Stipulated Preliminary Injunction on behalf of the party or parties represented and legally bind that party or parties.

## I. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331 and § 1338 because this dispute concerns the rights of the parties under the Lanham Act, 15 U.S.C. § 1051 *et seq*. Supplemental jurisdiction over the state law claims is vested in this Court under 28 U.S.C. § 1367. The parties agree that they are subject to the Court's jurisdiction and that venue in this District is proper.

## II. FINDINGS OF FACT

1. A Parent Media Co. owns and operates Kidoodle.TV®, a safe streaming platform with appropriate content for children up to 12 years old. (Verified Compl., ¶ 9.)

2. Kidoodle.TV® is accessible by consumers in the United States over the internet through entering the following Uniform Resource Locator ("URL") into any internet browser: https://www.kidoodle.tv. (*Id.*, ¶ 10.)

3. A Parent Media Co. has received widespread acclaim and industry recognition for Kidoodle.TV. For example, A Parent Media Co. has won prestigious awards such as the "Gold Stevie Award" for the Best Family & Kids App in the Family & Kids Category of the 2020 International Business Awards, "Mom's Choice Award" in 2020 as well as the "Parent Tested, Parent Approved Award." In March

2021, Plaintiff won a "Parents' Picks Award" for the Best Products for Elementary Kids. (*Id.*, ¶ 12.)

4. Kidoodle.TV is available in 160 countries and territories with a heavy presence in the U.S., Europe, and the U.K. with over 50 million App installs globally across devices such as Android, iOS, ROKU, Fire TV, Samsung, LG, Vizio, HiSense, and other connected TV products. (*Id.*, ¶ 17.)

5. A Parent Media Co. has legally protected intellectual property rights.

6. A Parent Media Co. has registered the KIDOODLE.TV® mark in association with educational and entertainment digital media for children, namely streaming of video via internet featuring music, movies, and television programs for children for educational and entertainment purposes on the U.S. Patent and Trademark Office's Principal Register, under Registration No. 6,210,025. A Parent Media Co.'s date of first use of this mark goes back to at least 2012. (*Id.*, ¶ 18 and Ex. F thereto).

7. A Parent Media Co. has also registered the KIDOODLETV® mark (Registration No. 4,810,779) and KIDOODLE® (Registration No. 4,810,778) in association with, among other things, the same fields. A Parent Media Co.'s date of first use of these marks goes back to at least 2012. (*Id.*, ¶¶ 19-20 and Exs. G and H thereto.)

8. Defendant is a Beverly Hills-based entertainment company founded in 2013. Defendant operates Kartoon Channel! ("Kartoon Channel"), a video on demand platform it created to deliver entertainment content designed for children.

9. Beginning at least as early as May 2021, Defendant authorized a Google AdWords sponsored search result and advertisement, which resulted in "Kidoodle TV" appearing in the headline of an online advertisement linked to GBI's website. (*Id.*, ¶¶ 33-45.) GBI alleges that it did so without intent to cause confusion or violate any rights of A Parent Media Co.

10. Once consumers click on Defendant's advertisement, consumers are led

to Defendant's Kartoon Channel website, thus giving the consuming public the false impression that clicking on the advertisement would take them to A Parent Media Co.'s Kidoodle.TV website, when in reality, consumers are taken to GBI's Kartoon Channel website. (Verified Compl., ¶¶ 33-45.)

11. A Parent Media Co. has not authorized or given permission for Defendant to use the KIDOODLE®, KIDOODLETV®, and the KIDOODLE.TV® marks in commerce.

12. GBI represents that immediately upon learning that A Parent Media Co.'s trademarks were being used in the headline of GBI's advertisements for its Kartoon Channel website through the filing of the Verified Complaint in the above-captioned lawsuit, GBI took prompt action to prevent the further display of A Parent Media Co.'s trademarks in its advertisements. GBI further represents that KIDOODLE®, KIDOODLETV®, and the KIDOODLE.TV® marks no longer appear in the headline or anywhere else in the Kartoon Channel advertisements displayed on Google.

### III. CONCLUSIONS SUPPORTING THE ISSUANCE OF A PRELIMINARY INJUNCTION

13. A Parent Media Co.'s KIDOODLE®, KIDOODLETV®, and KIDOODLE.TV® marks are valid and protectable.

14. GBI's unauthorized use of A Parent Media Co.'s KIDOODLE®, KIDOODLETV®, and KIDOODLE.TV® marks constituted a "use in commerce" under the Lanham Act.

15. Consumers are likely to be confused by GBI's uses of A Parent Media Co.'s marks in the headline of Google advertisements.

16. Without entry of a preliminary injunction maintaining GBI's voluntary cessation of the use of KIDOODLE in the headline of its Google advertisements, A Parent Media Co. is likely to suffer immediate and irreparable harm, loss, damage,

and injury. Further, the public interest is served by a preliminary injunction because it will help protect against future consumer confusion and deception.

17. There are no just reasons to delay entry of this preliminary injunction. A Parent Media Co. has met the factors for determining whether to issue a preliminary injunction and the terms of the injunction set forth below are reasonable under these facts and circumstances.

18. The parties further stipulate that no bond is required.

## IV. ORDER

**IT IS HEREBY ORDERED** as follows:

**A.** Pursuant to Fed. R. Civ. P. 65, Defendant, its respective officers, employees, agents (including, without limitation, any third-party marketing companies), servants, affiliates (including, without limitation, ChizComm Ltd. and ChizComm Beacon Media), successors in interest, attorneys, and all persons in active concert are hereby restrained and enjoined from using the KIDOODLE®, KIDOODLETV® and KIDOODLE.TV® marks, or any mark confusingly similar to the KIDOODLE®, KIDOODLETV®, and KIDOODLE TV® marks in commerce, including but not limited to, in its advertisement, marketing, promotion, offer for sale of services and/or sale of services, in a manner which is likely to cause confusion among the consuming public as to whether Defendant and/or its services are affiliated with Plaintiff and/or its services.

**B.** Within ten (10) days after entry of this Order, Defendant shall report to the Court regarding its progress in fully complying with the Order.

DATED June 30, 2021

_____
STEPHEN V. WILSON,
UNITED STATES DISTRICT JUDGE

[PROPOSED] STIPULATED PRELIMINARY INJUNCTION ORDER
-4-